PRUETT v. STATE OF INDIANA.

[No. 30,896. Filed March 7, 1968. Rehearing denied May 2, 1968.]

*David W. Dennis,* of Richmond, *John T. Cook,* of Winchester, *Ralph O. Lafuze,* of Hagerstown, for appellant,

*John J. Dillon,* Attorney General, and *R. Robert Yeager,* Deputy Attorney General, for appellee.

JACKSON, J.—This was a criminal prosecution charging the appellant, by indictment, with murder in the first degree, in that he did on the 10th day of June, 1965, at Wayne County, Indiana, unlawfully and feloniously kill one Robert Mopps, a human being, while he, the appellant, was engaged in the perpetration of a robbery. As stated in appellant's brief, we are concerned here with an alleged "felony murder."

The evidence introduced by the State of Indiana indicated that the homicide in question occurred between 9:00 p.m. and 10:00 p.m., Central Daylight Time, on June 10, 1965, at a DX Gasoline Filling Station, located at the northeast corner of South Ninth and "M" Streets in the City of Richmond, Indiana. Robert Mopps was at the time an attendant at said DX filling station. The evidence indicated that Roy Waskom, another attendant, was, apparently, killed at the same time and place. Waskom's death was not charged in the indictment in this cause.

The indictment was returned by a Wayne County Grand Jury and, following a change of venue to Randolph County, Indiana, and after hearing and disposition of certain preliminary motions, the cause was tried to a petit jury in the Randolph Circuit Court, upon appellant's pleas of not guilty, and not guilty by reason of insanity.

Upon trial, the jury found the appellant guilty as charged and "that he shall suffer death."

A motion for a new trial was duly filed, was argued in the Randolph Circuit Court, and was by that court overruled.

This appeal followed.

The indictment, omitting heading, formal parts and signatures, reads as follows, to-wit:

"The Grand Jurors for said State of Indiana, impaneled, charged and sworn in Wayne Circuit Court, to inquire within and for the body of the same said County of Wayne, upon their oath charge and present that James Theodore Pruett late of said County, at said County, on the 10th day of June A.D., 1965, did then and there unlawfully and feloniously kill and murder one Robert Mopps, a human being, in the perpetration of robbery, by then and there shooting at and against the said Robert Mopps with a certain deadly weapon, to wit: a pistol, then and there loaded with gunpowder and bullets, and thereby inflicted a mortal wound upon the said Robert Mopps, of which mortal wound the said Robert Mopps languishing in said County until the 11th day of June, 1965, then and there died, the said James Theodore Pruett, then and there being engaged in an attempt to commit the crime of Robbery, by then and there unlawfully, feloniously and forcibly, and by violence, and putting the said Robert Mopps in fear, rob, take and steal from the person of the said Robert Mopps, United States Currency in the sum of Seventy-two dollars, then and there belonging to the said Robert Mopps, and the Sun Ray DX Oil Company.

And so the Grand Jurors aforesaid, upon their oaths, aforesaid, do find and say that the said James Theodore Pruett, did in the manner and form aforesaid, did kill and murder, then and there being contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Indiana."

To the indictment appellant entered a plea of not guilty, which reads as follows:

"Comes also said defendant, James Theodore Pruett, with his counsel, Ralph Lafuze, and being arraigned upon said indictment, for plea thereto, says: 'I am not Guilty,' and the defendant is ordered to remain in the Custody of the Sheriff."

The appellant filed his affidavit for change of venue from Wayne County, alleging he could not receive a fair trial

therein on account of excitement and prejudice against him in said County and in the City of Richmond in said County.

The affidavit for change was granted and the venue was changed to Randolph County, Indiana.

Thereafter appellant filed notice of his intention to offer the defense of alibi and caused notice to be served on the Prosecuting Attorney.

Thereafter the State of Indiana filed its notice of the time and date it expected to prove the offense was committed.

The appellant next filed his plea of insanity to the effect "that he was of unsound mind at the time the offense charged herein was committed."

The State of Indiana filed its written answer to such plea to the effect:

"That the State of Indiana denies that the defendant James Theodore Pruett was of unsound mind at the time the offense charged herein was committed."

Thereafter appellant filed his written motion "to suppress all statements given by the defendant to the police for the reason that said statements were made under the influence of fear produced by threats or by undue influence." Notice of the filing of the motion was given to the Prosecuting Attorney of Randolph County, Indiana.

The appellant also filed his written motion to suppress physical evidence taken by search and seizure and evidence of ballistic tests based thereon. Such motion, omitting heading, formal parts and signatures thereof, reads as follows:

"Comes now the defendant and respectfully shows the Court:

1. That he is and at all times material herein was a citizen of the United States and a resident of the County of Union, State of Indiana.

2. That he was and at all times material herein the occupant of a certain house, said house being located approximately one mile north of the Village of Clifton, Brownsville Township, Union County, Indiana, said house being

located immediately north and northwest of a certain (T) road located approximately one mile north of the said Village of Clifton in Brownsville Township, Union County, Indiana.

3. That on or about the 15th day of June, 1965, certain officers of the State of Indiana, made two searches of the above described premises. That said officers at said time seized a certain H. & R. 22 caliber target pistol. That defendant was not present at the aforesaid time.

4. That in another search, certain officers of the State of Indiana seized certain money or monies.

5. That the search of the above described premises was illegal and in violation of the rights of the defendant under Article I, Section 11 and 14, of the Constitution of Indiana and the 4th, 5th and 14th Amendments to the Constitution of the United States for the following reasons:

(a) That each of the searches was made without a search warrant.

(b) That each of the searches was made without the consent of the defendant.

(c) That each of the searches was made without the defendant's voluntarily and unstandingly giving consent to said searches.

(d) That each of the searches was made with consent obtained and induced by coercion and duress.

(e) That the consent to search, if given, was a blanket consent and was not consent to search for a specific article or articles.

(f) That the officers searched for and seized certain items and articles which may not be legally searched for with or without a valid search warrant without the consent of the defendant, to wit: a certain H. & R. 22 caliber target pistol and money or monies.

5. That certain officers may have seized other articles not known to the defendant at this time.

WHEREFORE, defendant prays that the articles seized, to wit: a certain H. & R. 22 caliber target pistol and money or monies, be returned to the defendant and be suppressed as evidence in this cause, that any other articles that may have been seized be returned to the defendant and suppressed as evidence in this cause, that any evidence obtained by ballistics tests made on the above described pistol be suppressed as evidence in this cause, and for all further and proper relief."

Appellant's Motion to Suppress Statements given to Police was overruled by the court prior to trial without taking testimony.

Appellant's Motion to Suppress Physical Evidence was overruled by the court prior to trial after a hearing at which testimony was taken.

Trial began before a jury on August 30, 1965.

Appellant's Motion for New Trial was filed on the 6th day of October, 1965, and is found in its entirety at pages 78 to and including 110 of the transcript. In view of the determination we are required to make in this matter the appellant's motion is set forth only in pertinent part, encompassing the question determined in this appeal. Such motion, so limited, reads as follows, to-wit:

"The Defendant in the above entitled cause moves the Court for a new trial herein on each of the following grounds:

. . . .

VII. Error of law occurring at the trial, in this:

. . . .

26. The Court erred in giving to the jury on the Court's own motion, its instruction numbered 1, and to the giving of which instruction the defendant duly objected, within the proper time, by stating his specific objections to the Court out of the presence of the jury and before argument and by dictating the same to the Court reporter for inclusion in the record."

The instruction objected to reads as follows:

## "INSTRUCTION NO. 1

You have heard the evidence produced by the State of Indiana and by the defendant upon trial of an indictment charging the defendant, James Theodore Pruett, with the killing of Robert Mopps in Richmond, Indiana, on the 10th day of June, 1965, in the perpetration of a robbery. The statute of the State of Indiana makes this crime an offense punishable by death or by life imprisonment. The crime has two elements, one of which is the robbery, and the other the killing of a human being in perpetrating a robbery. There are no degrees of this crime and the defendant must

either be convicted of First Degree Murder or acquitted. Robbery is the taking of any article of value from the person of another by violence or putting the other in fear and if, in the process of robbery, or trying to rob somebody, the robber kills the other, he is guilty of Murder in the First Degree. It is not necessary to show any premeditation or any specific intent for the commission of this particular type of crime."

The appellant's objection to the above instruction reads as follows, to wit:

"The defendant objects to the Court's Instruction No. 1 for the reason that it does not correctly state the law of the State of Indiana, in that specific intent to commit a robbery is necessary for the commission of this particular type of crime."

Appellant's Assignment of Errors, omitting caption, signatures, and portions thereof not deemed necessary for inclusion herein by reason of the determination we are here required to reach, reads as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:
1. The Court erred in overruling appellant's motion for a new trial."

The trial court erred in giving Instruction No. 1 when it stated, "It is not necessary to show any premeditation or any specific intent for the commission of this particular type of crime." In felony murder cases it is not necessary to show appellant had the specific intent to kill. *Jones* v. *State* (1964), 244 Ind. 682, 195 N. E. 2d 460. But the State has the burden of proving the essential elements of the felony appellant is charged to have been perpetrating at the time of the killing. Since appellant was charged with murder while in the perpetration of a robbery, the State had to prove he had to have the specific intent to commit robbery. See: *Anderson* v. *State* (1966), 247 Ind. 215, 214 N. E. 2d 172; *Sinks, Taylor* v. *State* (1956), 235 Ind. 484, 133 N. E. 2d 563.

The giving of Instruction No. 1 constituted reversible error. The judgment of the court below is reversed, and the cause is remanded to the trial court with instructions to grant appellant's Motion for a New Trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Lewis, C. J., and Hunter, J., concur. Arterburn and Mote, JJ. dissent.

NOTE.—Reported in 234 N. E. 2d 501.