GARY M. VASCO, EDWARD GRANT, JR. *v.* STATE OF INDIANA.

[No. 2-1174A266.  Filed March 26, 1975.  Rehearing denied May 13, 1975.]

*Palmer K. Ward,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Appellants Vasco and Grant challenge the sufficiency of the evidence to support their convictions of robbery. We affirm.

The record reveals that State's witness Earl Bolton was at his home in Indianapolis on March 16, 1974. At approximately 3:00 A.M., appellants came to Bolton's home and inquired as to whether Grant's wife was in Bolton's apartment. Bolton responded in the negative and started to close the door. Thereupon, appellants forced their way into Bolton's apartment. After entering, Grant searched both Bolton and his clothing for money while Vasco stood at the doorway, blocking any potential attempt by Bolton to exit. Grant found and took approximately thirty (30) dollars from Bolton.

Appellants remained at the apartment for nearly twenty-five minutes, during which they notified Bolton that if he sought police assistance following their departure they would return and see to it that he wouldn't be able to call them again. Bolton testified that he was in fear of both appellants.

Inasmuch as this evidence supports the finding that appellants (1) unlawfully took, (2) from the person of another, (3) an article of value, (4) by violence or putting in fear, we hold that the convictions were supported by sufficient evidence. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956); *Dunn* v. *State* (1974), 161 Ind. App. 586, 316 N.E.2d 834.

Appellants urge that their convictions were improper in that the information charged that the money was taken "forcibly by violence and putting Earl Bolton in fear", and that the evidence does not support a finding that the money was taken "by violence." This issue was specifically dealt with and resolved contrary to appellants' arguments in *Wells* v. *State* (1971), 256 Ind. 161, 267 N.E.2d 371:

"The affidavit under which the defendant was charged stated, in part, that the defendant 'did then and there unlawfully, feloniously, forcibly by violence and putting Mildred Schildmeier, in fear, take from the person and possession of said Mildred Schildmeier * * *' Defendant

contends that the judgment is not supported by sufficient evidence and is contrary to law since the State did not submit evidence that the said Mildred Schildmeier was in fact, a victim of any *violence*. In *Cross* v. *State* (1956), 235 Ind. 611, 614, 137 N.E.2d 32, 33, this Court stated:

'It is well settled that while the principle of robbery is violence, actual violence is not the only means by which a robbery may be effected; that it may also be accomplished by fear, which the law considers as constructive violence.

"There is no question but that Mildred Schildmeier was put in fear and she so testified at the trial. We thus find that the allegations of the affidavit were sufficiently proved at the trial of this cause." (Original Emphasis.) 267 N.E.2d at 373-374

Finally, Vasco asserts that there is insufficient evidence to convict him of the crime of robbery since Bolton testified at trial that Vasco "took nothing from him." The evidence was clear, however, that Vasco was properly chargeable with the acts of Grant pursuant to the accomplice statute, which is found at IC 1971, 35-1-29-1, Ind. Ann. Stat. § 9-102 (Burns Supp. 1974).

There being no reversible error demonstrated, appellants' convictions are affirmed.

Affirmed.

Robertson, C.J. and Lowdermilk, J., concur.