Luis Cruz RIVERA, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. P.S. 413.

Court of Appeals of Indiana, Third District.

Feb. 1, 1979.

Luis Cruz Rivera, pro se.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

Appellant Rivera appeals from the denial of his petition for post-conviction relief, Ind.Rules of Procedure, Post-Conviction Rule 1. He was originally convicted of robbery and sentenced to ten to 25 years imprisonment. His conviction was affirmed by this Court in a memorandum decision on April 21, 1976.

Rivera alleges two errors as grounds for relief: that he was denied effective assistance of counsel and that his sentence must be reduced in accordance with those prescribed by the new Penal Code.

A post-conviction remedy is not a substitute for a direct appeal. P.C. 1(b). Thus, appellant's first allegation of error is waived for failure to raise it in the initial motion to correct errors filed by appellate counsel. Even if the issue was now properly before the Court, appellant has not effectively demonstrated that he was incompetently represented. There is a strong presumption that an attorney has rendered effective assistance, and strong and convincing proof must be presented to overcome this burden. Thus, in a post-conviction proceeding defendant must show that what the attorney did or did not do, made the proceedings a mockery and shocking to the conscience of the court. *Jelks v. State* (1978), Ind., 378 N.E.2d 848; *Swinehart v. State* (1978), Ind.App., 372 N.E.2d 1244.

Rivera claims that his trial counsel failed to subpoena two witnesses that would have substantiated his alibi. This contention is supported with testimony of an attorney originally hired to defend Rivera

who later withdrew due to a conflict of interest. This first attorney stated that he had interviewed the two witnesses in question. Although both placed Rivera at the bar where they were employed on the night of the robbery, he admitted that neither could pinpoint a time period. He further testified that an attempt to locate these witnesses at their given addresses after Rivera's trial date had been set, had proved futile. Thus, not only was it questionable that the witnesses could have been produced but the utility of their testimony is also debatable. It is clear, however, that trial tactics rest within the individual discretion of trial attorneys and speculation about strategy is not relevant in reviewing an attorney's competence. *Dull v. State* (1978), Ind., 372 N.E.2d 171; *Hall v. State* (1977), Ind.App., 367 N.E.2d 1103. There is no other assertion made to support the charge of incompetence other than the fact that the attorney was subsequently disbarred in connection with civil matters. This factor is not relevant to Rivera's contention. A charge of incompetency revolves around the particular facts of each individual case. *Hawkins v. State* (1978), Ind., 378 N.E.2d 819; *Roberts v. State* (1977), Ind., 360 N.E.2d 825. Rivera has not shown that he was denied adequate assistance or that his trial made a mockery of justice.

Rivera was originally sentenced on October 17, 1974, at which time the sentence prescribed by statute for the offense of robbery was not less than ten nor more than 25 years. IC 1971, 35–13–4–6 (Burns Code Ed.). Under the present Penal Code, which became effective October 1, 1977, this statute was repealed and replaced by IC 1971, 35–42–5–1 (1978 Burns Supp.), defining the offense of robbery as a class C felony. IC 1971, 35–50–2–6 (1978 Burns Supp.) fixes the term of imprisonment for a class C felony at five years, with three years added or subtracted where aggravating or mitigating circumstances exist. Rivera asserts that his sentence should be reduced to reflect the lesser sentence now contained in the Code, even though he was sentenced nearly three years before its enactment. He acknowledges the express provision passed by the Legislature to avert such a challenge.

The savings clause, found at § 150 of Acts 1977, Public Law 340, provides:

"(a) Neither this act nor Acts 1976, P.L. 148 affects:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun

before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed and enforced as if this act and Acts 1976, P.L. 148 had not been enacted.

"(b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.

"(c) Notwithstanding subsections (a) and (b) of this *Section*, a defense available under IC 35–41–3 is available to any defendant tried or retried after September 30, 1977."

Under the clear intent of this section, Rivera remains punishable under the repealed code. However, he now seeks to challenge the validity of restricting the application of subsequently enacted sentencing provisions. Appellant first relies on Article 1, § 23 of the Indiana Constitution in alleging that the General Assembly has created an unconstitutional classification of those convicted prior to October 1, 1977 and those convicted after, so as to deny him equal protection of the law.

This argument is not persuasive and must be rejected upon analysis. Legislation defining crimes and assessing penalties does not create different classes of people. Criminal statutes apply exclusively to one class of people, those who violate the law, and they relate to the specific point in time that a violation occurs. Upon alteration of the criminal law, individuals subsequently convicted are not similarly situated and cannot be equated to those previously convicted. Thus, appellant's argument is without merit.

Appellant's assertion is subject to further flaws. While some penalties under the new Penal Code have been decreased, others have been increased. Appellant cannot maintain that the benefits of the new code should be reaped without equally applying adverse consequences. To make the code wholly retroactive then would be clearly unconstitutional as *ex post facto* legislation.

*See: Warner v. State* (1976), Ind., 354 N.E.2d 178; *Dowdell v. State* (1975), Ind. App., 336 N.E.2d 699.

As recently discussed in *Dunn v. Jenkins* (1978), Ind., 377 N.E.2d 868, the Legislature can prescribe new procedures and increased punishment as long as an individual is not disadvantaged thereby. One is not disadvantaged if he receives that penalty to which he was entitled at the time he acted under existing laws. *Accord: Warner v. State, supra.*

If the intent of the Legislature in lessening the prescribed punishment for robbery had been of an ameliorative nature, then Rivera's sentence could be reduced to reflect that change. *Dowdell v. State, supra*, explains that because our Penal Code is to be based on principles of reformation rather than vindication an express intent that a prior penalty was too severe would dictate such a result.

*See: Maynard v. State* (1977), Ind.App., 367 N.E.2d 5; *Wolfe v. State* (1977), Ind. App., 362 N.E.2d 188.

In the instant case the amending legislation is not intended to be remedial. Intent to the contrary is validly preserved in the savings clause of the Act. Rivera was correctly sentenced under the provisions effective at the time of trial and the judgment must be affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.