**Claude F. GARRETT, Appellant (Defendant Below)**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3–180A1.**

Court of Appeals of Indiana, Third District.

Oct. 29, 1980.

Rehearing Denied Dec. 19, 1980.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

This appeal from a denial of a petition for post-conviction relief alleges the following three errors:

(1) whether appellant Garrett was denied his constitutional right to represent himself;

(2) whether the imposition of four consecutive sentences violated constitutional prohibitions against *ex post facto* laws and was contrary to the

specific savings clause of the new penal code; and

(3) whether the trial court had authority to deny good time credit on jail credit and whether it would be fundamental error to deny jail and good time credit for any sentences made concurrent as a result of this appeal.

Defendant Claude F. Garrett was charged with four separate crimes and executed a plea bargain agreement which was subsequently accepted by the court. Under the terms of that agreement, the defendant entered pleas of guilty for the following charges and was sentenced as indicated:

Theft of Property in Excess of $100–one to ten years

Jail Break–six months

Burglary of a Residence–six years

Burglary of a Residence–six years

The terms of the agreement also specified that these sentences would be served consecutively. The charges were originally filed under three separate cause numbers but were consolidated in the plea bargain agreement and for purposes of this appeal.

■ In post–conviction proceedings, the burden of proof rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. The trial court is the sole judge of the weight of the evidence and the credibility of witnesses. The decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Garcia v. State* (1979), Ind., 391 N.E.2d 604; *Laird v. State* (1979), Ind., 385 N.E.2d 452.

■ At the arraignment hearing on the jail break and burglary charges, the court-appointed defense counsel informed the court that the defendant had requested other representation in the matter. Upon inquiry by the court, the defendant stated that he had been unable to contact his attorney and felt the attorney would not be helpful to him. The court reassured the defendant that his attorney was a "good attorney, member of the bar" and would see him as often as was necessary. The defendant responded by saying, "Can I represent myself?" At this point, the court should have held a hearing on the question of self–representation under the mandate of *Russell v. State* (1978), Ind., 383 N.E.2d 309. However, the record reveals that the defendant subsequently waived his right to proceed pro se and, thus, no reversible error exists. The issue of self–representation or representation by another attorney was never again raised by the defendant.

In two distinct instances, the defendant waived this constitutional right. A portion of the plea bargain agreement reads:

"8. That the defendant has been advised of his constitutional rights and acknowledges his understanding of same.

"9. That the defendant is satisfied with the representation of himself by his attorney and instructs his attorney to enter into this agreement for and on behalf of himself."

At the plea agreement proceedings, the court questioned Garrett extensively on his comprehension and understanding of the agreement and fully informed him of his constitutional rights. Furthermore, the court specifically asked, "Are you satisfied with the representation of your attorney?" The defendant responded "Yes."

From these events, it is clear that the defendant has suffered no constitutional deprivation. The failure of the trial court to hold a hearing has not harmed the defendant. He freely and voluntarily entered into a plea agreement for his own benefit and is now bound by the terms thereof. His statement of satisfaction with his legal representation waived his right to proceed pro se. No reversible error exists.

■ The second assignment of error challenges the imposition of four consecutive sentences. This argument is not well taken. The plea agreement specified that the sentences were to run consecutively and the court so ordered. The defendant now contends that the sentences for the burglary charges should run concurrently with the sentences for theft and jail breaking. This

unique argument arises because the theft and jail break occurred prior to October 1, 1977 and were therefore prosecuted under the old penal code. The second two crimes, both burglaries of a residence, occurred on October 3 and October 6, 1977 after the defendant had broken out of jail, and, therefore, were subject to the new penal code which went into effect on October 1, 1977. The defendant concedes that consecutive sentences for theft and jail breaking were mandated by the old code and that consecutive sentences for the burglaries are proper under the new code. The question, he contends, is whether these two sets of consecutive sentences could legally have been "tacked on" to each other forming one sequence of four sentences. This action allegedly violates the constitutional prohibition against *ex post facto* laws and is contrary to the specific savings clause of the new penal code. In support, the defendant cites *Banton v. State* (1979), Ind.App., 390 N.E.2d 687, which defines an *ex post facto* law as "one which renders an act punishable in a manner in which it was not punishable when it was committed." Although this statement is correct, a complete reading of the *Banton* case clearly rejects the argument proposed here by the defendant.

The relevant statute from the new penal code reads:

"35–50–1–2. Consecutive and concurrent terms.–

(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If a person commits a crime:

(1) After having been arrested for another crime; and

(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed. [IC 35–50–1–2, as added by Acts 1976, P.L. 148, § 8, p. 718; 1977, P.L. 340, § 111, p. 1533.]"

Due to the language of this statute, subsection (b) does not apply in this case. Although the burglaries were committed after the defendant was arrested for theft and following his break from jail, he was not on probation, parole or serving a term of imprisonment. Therefore, subsection (b) is not applicable. As a result, subsection (a) applies and the court has wide discretion in determining whether concurrent or consecutive terms shall be served.

■ The defendant contends the court had no authority to retroactively employ this discretion in "tacking" on the burglary sentences to the previous sentences. Appellant would require the court, in determining a sentence for a crime committed under the new code, to ignore all previous crimes and sentences which were issued under the old code. This position is incorrect. The *ex post facto* doctrine simply forbids a court to retroactively increase the punishment for a crime committed under the old code. One is not disadvantaged if he receives that penalty to which he was entitled at the time he acted under existing laws. *Rivera v. State* (1979), Ind.App., 385 N.E.2d 455. Garrett had more than an adequate opportunity following the first crimes, to conform his behavior to the dictates of the law and, thereby, avoid a consecutive sentence for the second crimes. *See, Banton, supra.* No constitutional rights of the defendant were violated by the consecutive sentencing in this case.

■ The defendant's final assignment of error argues the court had no authority to deny good time credit for the time served prior to sentencing. The order of the trial court did not allow good time credit for the time served subsequent to the jail break. Because the court applied this credit to the theft charge, the sentencing provisions in effect at the time of that crime are applicable. These provisions were comprehensively discussed by Judge Shields in *Leavell v. State* (1979), Ind.App., 391 N.E.2d 246, at 248–249:

"The trial court specifically ordered that Leavell not be given any good time allowance for the 300 days he spent in confine-

ment prior to sentencing. Leavell maintains that the trial court had no authority to enter a binding order in this regard. "IC 35–8–2.5–5, the statute under which the trial court was proceeding, provides:

> Credit for time served–Good time allowance.–Whenever a person has been given credit pursuant to section 1 [35–8–2.5–1] of this chapter, any good time allowances to which such person is entitled under the laws of this state shall be computed as if the time for which credit has been allowed had been served after the sentence was imposed and in the place of confinement designated in such sentence or order of commitment. The sentencing judge shall make recommendations as to credit for good time conduct for time spent in confinement prior to sentencing.

"A plain reading of this statute indicates that the sentencing judge only has the authority to make *recommendations* with respect to good time allowances. The trial judge cannot, as was done here, enter a binding order . . . ." (Original emphasis). (Footnotes omitted).

Therefore, the trial judge exceeded his authority in the present case by denying good time credit for time served prior to sentencing. Under the authority of *Leavell, supra*, the court may make only a recommendation regarding good time credit.

The conviction is affirmed and the case is remanded to the trial court for a correction of the sentence regarding good time credit.

Affirmed and remanded.

GARRARD, P. J., and STATON, J., concur.