**Kenneth W. BEAN, Appellant (Plaintiff Below),**

v.

**Evan BAYH, Individually and in his Official Capacity as Governor of the State of Indiana;**

**Patricia A. Ravinet; Ray Justak; Richard D. Doyle; Harlan C. Hicks; and John Doe; Individually and in their Official Capacities as Members of the Indiana Parole Board, Appellees (Defendants Below).**

No. 48A02–9003–CV–185.

Court of Appeals of Indiana, Second District.

Nov. 29, 1990.

Rehearing Denied Jan. 8, 1991.

Kenneth W. Bean, pro se.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Kenneth W. Bean appeals the dismissal of his action for declaratory relief for failure to state a claim.

We affirm.

## ISSUE

Whether a defendant serving two (2) concurrent life sentences is eligible for consideration for parole under IC 11–13–3–2(b)(3) (1988).

## FACTS

In 1975 Bean was convicted of first degree murder, kidnapping and robbery for which he received two (2) life imprisonment sentences and one sentence for ten (10) years imprisonment, all sentences ordered served concurrently. His convictions were affirmed in *Bean v. State* (1978), 267 Ind. 528, 371 N.E.2d 713. Bean initiated this declaratory judgment action to determine whether he is eligible for parole consideration. Upon motion the trial court dismissed the complaint for failure to state a claim holding that, "plaintiff is not, as a matter of law, eligible for parole consideration because he has been sentenced to two terms of life in prison."[1] Record at 46. Bean appeals.

## DISCUSSION

Bean's argument is because IC 11–13–3–2(b)(3) (1988) is ambiguous and to deny him parole consideration violates the spirit and purpose of concurrent sentencing and renders his concurrent sentence order meaningless. In effect, he argues there is no rational basis to deny him parole merely because he is serving two life sentences when the sentences are being served concurrently.

IC 11–13–3–2(b)(3) reads:

A person sentenced upon conviction of first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release

upon parole upon completion of twenty (20) years of time served on the sentence. A person sentenced upon conviction of a felony other than first-degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of fifteen (15) years of time served on the sentence. *A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section.* A person sentenced to a term of life imprisonment does not earn credit time with respect to that term.

(Emphasis added).

The relevant statutory provision is succinct. In plain and explicit language the legislature has declared an individual serving two sentences of life imprisonment upon conviction of more than one felony is not eligible for parole consideration. Since Bean is serving two life imprisonment sentences for two felonies, he is not eligible for parole considerations.

Further, there is no merit to Bean's argument IC 11–13–3–2(b)(3) "violates the spirit and purpose of concurrent sentencing." Appellant's Brief at 5. The legislative judgment is that parole should be denied to any individual who has committed two felonies generating life sentences regardless how the sentences are served. There is nothing irrational about that judgment.

Judgment affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs.

---

1. Because we affirm the trial court's dismissal on the stated reason, we do not reach the argument that the complaint should have been dismissed as against Evan Bayh, as Governor and individually, because the Governor "has no part whatsoever in the parole process." Appellees' Brief at 4.