927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lloyd HEDSTROM, Petitioner-Appellant.
v.
Robert BRONNENBERG, and Indiana Attorney General,
Respondents-Appellees.
 No. 90-1654.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 26, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 88C 441, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se petitioner-appellant, Lloyd Hedstrom, appeals from an order of the district court denying his petition for a writ of habeas corpus. Hedstrom contends that his guilty pleas was not knowing, intelligent, and voluntary. He also contends that counsel was ineffective. Upon review of the district court's order, we have determined that the district court properly identified and resolved the issues presented on appeal; therefore, we affirm for the reasons stated in the attached district court order.[1]
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 NORTHERN DISTRICT OF INDIANA
 SOUTH BEND DIVISION
 
 3
 LLOYD HEDSTROM, Petitioner,
 
 
 4
 v.
 
 
 5
 ROBERT BRONNENBERG and INDIANA ATTORNEY GENERAL, Respondents.
 
 Civil No. S 89-441
 MEMORANDUM AND ORDER
 
 6
 On October 2, 1989, pro se petitioner, Lloyd Hedstrom, filed a petition seeking relief under 28 U.S.C. Sec. 2254. The return filed on December 4, 1989, demonstrates the necessary compliance with Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). The petitioner filed a reply to the return on January 3, 1990. The state court record has been filed and examined pursuant to the mandates of Townsend v. Sain, 372 U.S. 293 (1963).
 
 I.
 
 7
 The petitioner was convicted of one count of felony murder in the Starke Circuit Court in Knox, Indiana, on March 12, 1982. He was sentenced to a term of sixty years. The conviction was the result of a plea of guilty in which counts of murder and robbery were dismissed. The state trial court also determined in a separate hearing that the death penalty did not apply.
 
 
 8
 The petitioner then sought post-conviction relief in the Starke Circuit Court and such relief was denied. That denial was affirmed by the Indiana Court of Appeals in an unpublished order authored by Judge Miller. See Appendix A. A petition to transfer to the Supreme Court of Indiana was denied on August 27, 1989.
 
 
 9
 Judge Miller summarized the facts underlying the petitioner's conviction as follows:
 
 
 10
 On June 23, 1981 Hedstrom and his co-defendant Raymond Smith robbed a gas station attendant. In the course of that robbery, the gas station attendant was killed. On June 26, 1981 Hedstrom was charged with Murder, Felony Murder and Robbery, a Class A felony. The State filed a request for the death sentence on July 17, 1981, alleging that Hedstrom intentionally killed the gas station attendant. On March 12, 1982 Hedstrom pled guilty to Felony Murder, reserving the right to challenge the death penalty request. At the guilty plea hearing Hedstrom specifically denied the State's allegations that he intentionally killed the victim. The guilty plea court accepted Hedstrom's plea to Felony Murder, noting that Hedstrom could not receive the death penalty unless the State, by evidence other than the plea, proved that Hedstrom actually, intentionally killed the victim. A sentencing hearing was held on May 3, 1982. At that time, Hedstrom and the prosecutor presented evidence and arguments on the imposition of the death sentence. At the conclusion of the hearing, the court denied the death penalty request and sentenced Hedstrom to 60 years imprisonment.
 
 
 11
 In his habeas corpus petition, the petitioner argues that he did not knowingly and voluntarily plead guilty and that he was denied effective assistance of counsel. These issues were presented to the Indiana Court of Appeals. The petitioner, therefore, has exhausted his state court remedies. See Rose v. Lundy, 455 U.S. 509 (1982); Duckworth v. Serrano, 454 U.S. 1 (1981).
 
 
 12
 The petitioner first argues that he did not knowingly and voluntarily plead guilty. The Indiana Court of Appeals concluded that the petitioner did knowingly and voluntarily plead guilty. The ultimate question of whether the petitioner voluntarily plead guilty is a question of law and not a question of fact subject to the presumption of correctness standard of 28 U.S.C. Sec. 2254(d). Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983). State court findings regarding historical facts underlying the guilty plea, however, are subject to the presumption of correctness standard of section 2254(d). Id.
 
 
 13
 It is well settled that a guilty plea must comply with the constitutional mandates of Boykin v. Alabama, 395 U.S. 238 (1969). The court in Boykin remarked:
 
 
 14
 What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought ... and forestalls the spinoff of collateral proceedings that seek to probe murky memories.
 
 
 15
 Id. at 243-244 (footnotes and citations omitted).
 
 
 16
 The petitioner first argues that there does not exist an adequate factual basis for the crime for which he plead guilty. The Seventh Circuit has observed:
 
 
 17
 The Constitution does not require the establishment in all cases of a factual basis for a guilty plea, McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), but it does require that a plea be voluntary, Henderson v. Morgan, 426 U.S. 637, 644-45, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). Failure to establish a factual basis is likely to affect voluntariness. Cf. Carreon v. United States, 578 F.2d 176, 179 (7th Cir.1978). This is so because some information about the facts is necessary to an assessment of whether the accused understood "the law in relation to the facts," McCarthy v. United States, 394 U.S. at 466, 89 S.Ct. at 1171, and was able to appreciate "the nature of the charge against him," of which he was entitled to "adequate notice," Henderson v. Morgan, 426 U.S. at 645 n. 13, 96 S.Ct. at 2257.
 
 
 18
 United States v. Johnson, 612 F.2d 305, 309 (7th Cir.1980).
 
 
 19
 The petitioner plead guilty to felony murder. At the time of his offense, the felony murder statute in Indiana read in relevant part:
 
 35-42-1-1 Murder
 Sec. 1. A person who:
 
 20
 (1) ...
 
 
 21
 (2) kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery;
 
 
 22
 commits murder, a felony.
 
 
 23
 Ind. Code Ann. Sec. 35-42-1-1 (West 1986).
 
 
 24
 The petitioner maintained throughout his guilty plea proceeding that he did not personally kill the gas station attendant. He attributed the killing to Raymond, his codefendant. At the time of the crime, the law in Indiana was that all participants in a robbery which results in a killing were deemed equally guilty of murder, regardless of which participant actually killed the victim. Rogers v. State, 315 N.E.2d 707, 709-10 (Ind.1974). Moreover, the only intent for the crime of felony murder was the intent to commit the underlying felony. Pruett v. State, 234 N.E.2d 501, 505 (Ind.1968).
 
 
 25
 Here, the petitioner admitted at the guilty plea hearing that he and Raymond robbed a gas station and that in the course of the robbery, the gas station attendant was killed. Tr.Rec. at 334-37. The petitioner's video-taped confession also was admitted into evidence at the guilty plea hearing.[1] Tr.Rec. at 339 (State's Exhibit A). In his video-taped confession, the petitioner stated that he participated with Raymond in the robbery of the gas station attendant. He also stated that both he and Raymond repeatedly stabbed the gas station attendant. Raymond stabbed the attendant with a knife in the stomach and throat and the petitioner stabbed the attendant in the chest and throat. The blade of the petitioner's knife broke when he stabbed the attendant in the chest. The petitioner also stated that he and Raymond stole approximately $500.00 in cash and three checks. Raymond later destroyed the checks.
 
 
 26
 Based upon the foregoing evidence, there certainly is an adequate factual basis for the plea of felony murder. This is not a case where the defendant protests his innocence to a crime for which he is pleading guilty. See North Carolina v. Alford, 400 U.S. 25 (1970). Rather, the petitioner is merely arguing that Raymond had already killed the attendant before he, the petitioner, started stabbing the attendant. He maintains that it was Raymond who actually killed the attendant, and not him. As previously discussed, the issue of who actually did the killing is not relevant for purposes of determining whether there existed an adequate factual basis for pleading guilty to felony murder. It is not a necessary element to the crime of felony murder in Indiana that the petitioner have actually killed the attendant. The petitioner admitted that he participated in the robbery of the attendant. Such evidence would be sufficient to convict the petitioner of felony murder. Thus, an adequate factual basis was established for the taking of the guilty plea.
 
 
 27
 The petitioner also contends that he did not understand the nature of the charges against him. A plea cannot be truly voluntary unless the defendant possesses an understanding of "the law in relation to the facts." McCarthy v. United States, 394 U.S. 459, 466 (1969) (footnote admitted). See also Henderson v. Morgan, 426 U.S. 637, 645 (1976). Here, the state trial judge read the information to the petitioner. Tr.Rec. at 319. The judge then read the statute of conviction to the petitioner. Tr.Rec. at 320. It then became apparent that the petitioner was confused about the language of the charging information. The charging information stated that the petitioner was the individual who actually killed the gas station attendant. The state trial judge then clarified the confusion regarding the language of the information. The judge informed the petitioner that the issue of whether or not the petitioner actually killed the attendant was only relevant for purposes of sentencing, that is, whether the death penalty would apply. Tr.Rec. at 334. The state trial judge then asked the petitioner if he, the petitioner, was guilty of the charged crime even though he did not actually kill the attendant. The petitioner responded that he was guilty. Tr.Rec. at 337. During this colloquy, the state trial court, defense counsel, and the petitioner all agreed that the petitioner was not pleading guilty to the allegation that he personally killed the attendant, but rather was pleading guilty to felony murder. Tr.Rec. at 336-37.
 
 
 28
 The petitioner in his reply brief cites Nash v. Israel, 707 F.2d 298 (7th Cir.1983), in support of his argument that he did not understand the nature of the charges against him. In Nash, the habeas petitioner, Nash, participated with three other accomplices in a murder. Nash, however, did not actually kill the victim, although he was present at the scene. Nash was charged under Wisconsin law as a party to the crime of first degree murder. In Wisconsin, such a charge is a form of accomplice liability which contains an intent element. Nash plead guilty but subsequently challenged his plea in a habeas petition.
 
 
 29
 The Seventh Circuit found that Nash's guilty plea was involuntary and granted a petition for a writ of habeas corpus. The court found many defects with the guilty plea proceeding. First, Nash expressly told the state trial judge that he did not understand the charge. Despite Nash's confusion, the trial judge never attempted to elicit from Nash the reason for his confusion. Apparently Nash did not understand how he could be found guilty of murder even though he did not actually kill the victim. Secondly, the court noted that there did not exist an adequate factual basis for the charged crime since one of the elements was intent and the record did not reflect that Nash had a culpable state of mind when the victim was murdered. Lastly, the court found that the trial judge's explanation of the charge was insufficient. The explanation occurred after the petitioner told the judge that he did not understand the charge.
 
 
 30
 The court concludes that the guilty plea hearing in this case does not suffer from the same defects that occurred in Nash. Here, the state trial judge was notified of the petitioner's confusion regarding the charge and then attempted to clarify the misunderstanding. The trial judge clarified the confusion surrounding the language in the charging information by his colloquy with the petitioner and defense counsel. The petitioner therefore knew that the elements of the crime for which he was pleading guilty only required that the petitioner commit a robbery and that someone be killed during the commission of that robbery. Additionally, this case is distinguishable from Nash in that there exists an adequate factual basis for the crime for which the petitioner plead guilty. The court therefore finds that the petitioner was adequately informed of the charges against him.
 
 
 31
 The petitioner lastly argues that the state trial court did not comply with state law in accepting his guilty plea. It is fundamental that under 28 U.S.C. Sec. 2254, federal courts are only concerned with constitutional errors. Bell v. Duckworth, 861 F.2d 169, 170 (7th Cir.1988), cert. denied,---U.S.----, 109 S.Ct. 1552 (1989). Consequently, the court will not address this alleged error.
 
 
 32
 Based on the foregoing analysis, the court concludes that the petitioner was fully informed of the elements of felony murder and that there existed an undisputed factual basis for the crime of felony murder. The petitioner therefore did knowingly, intelligently, and voluntarily enter his plea of guilty to the crime of felony murder.
 
 
 33
 The petitioner further alleges that his trial counsel was ineffective under the Sixth Amendment of the United States Constitution. See Strickland v. Washington, 466 U.S. 668 (1984). The Strickland analysis was extended to the guilty plea setting in Hill v. Lockhart, 474 U.S. 52 (1985). Under Hill, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have plead guilty and would have insisted on going to trial. Id. at 59.
 
 
 34
 The Indiana Court of Appeals concluded that the petitioner's Sixth Amendment rights to adequate representation were not violated. Such a conclusion under Strickland is a question of law and is not a finding of fact subject to the presumption of correctness standard of 28 U.S.C. Sec. 2254(d). Galowski v. Murphy, 891 F.2d 629, 635 (7th Cir.1989). However, state court factual findings made in the course of deciding an ineffectiveness claim are subject to the presumption of correctness standard of section 2254(d). Id.
 
 
 35
 Here, the petitioner alleges that his counsel was ineffective in that his counsel advised him to plead guilty to a crime subjecting him to the death penalty and failed to advise him that he could receive the death penalty if he plead guilty to felony murder. With respect to the first allegation, it is clear that counsel for the petitioner theorized that by having the petitioner plead guilty, the state trial court would not hear the gory details of the murder of the gas station attendant. Such a strategy was obviously effective since the trial court did not impose the death sentence. Tr.Rec. at 451. Counsel's strategy was reasonably in light of the clear evidence of guilt against his client for the crime of felony murder. There is no doubt that a jury would have returned a guilty verdict. Moreover, such a jury would have had the opportunity to recommend the death penalty, and the trial judge would have been exposed to the vile details of the murder. The petitioner would have gained nothing by going to trial. Even if counsel's performance was inappropriate in such a scenario, the petitioner certainly did not suffer any prejudice. The state trial court did not impose the death penalty. Without a showing of prejudice, the petitioner's Sixth Amendment claim with respect to this issue must fail. See United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1013-14 (7th Cir.1987).
 
 
 36
 The petitioner also argues that his counsel failed to advise him that he could receive the death penalty if he plead guilty to the felony murder charge. The state trial judge explained at length the death penalty consequences of pleading guilty to the charge of felony murder. Tr.Rec. at 329-333. The trial judge clearly explained to the petitioner that the petitioner was subject to the death penalty whether he went to trial or plead guilty. The petitioner also acknowledged that his attorney had told him that he was subject to the death penalty. Tr.Rec. at 333. There is simply no evidence in the record to support a conclusion that this petitioner was not fully informed by his counsel of the possibility of being sentenced to death. Thus, his counsel's performance in this regard was not deficient.
 
 
 37
 Certainly the responsibilities of counsel representing a defendant in a state criminal proceeding where that defendant faces a death penalty is one not to be taken lightly. The strategies that may be adopted to avoid the possible imposition of the death penalty are certainly to be central to any such representation. The death sentence was avoided here by counsel and it appears that counsel fully and carefully advised this defendant of his options, including the worst that could happen to the petitioner. Since it is undisputed that the petitioner was guilty of felony murder, it is highly unlikely that any experienced criminal defense lawyer would have advised this petitioner not to plead guilty to felony murder and to go to trial under the circumstances here presented. The court therefore concludes that the petitioner received effective representation in compliance with the Sixth Amendment.
 
 
 38
 Accordingly, the petition for a writ of habeas corpus is hereby DENIED. IT IS SO ORDERED.
 
 DATED: March 13, 1990
 
 39
 /s/ Allen Sharpe
 
 CHIEF JUDGE
 NORTHERN DISTRICT OF INDIANA
 
 40
 cc: Judge Marvin D. McLaughlin
 
 Judge of the Starke Circuit Court
 Lloyd Hedstrom
 Ronald J. Semler
 Order Book
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Hedstrom, citing Enmund v. Florida, 458 U.S. 781 (1982), raises for the first time on appeal that his guilty plea was also not intelligent or voluntary because he pleaded guilty under the mistaken belief that he was eligible for the death penalty. Hedstrom also contends that counsel's failure to advise him that he was not eligible for the death penalty constitutes ineffective assistance. Because Hedstrom did not raise these issues in the district court, they are waived on appeal. See Smith v. Fairman, 862 F.2d 630, 634-35 (7th Cir.), cert. denied, 109 S.Ct. 1645 (1989). In any event, Hedstrom's contentions are based on an inaccurate reading of Enmund and are without merit
 
 
 [1]
 The video-taped confession was not part of the state court record filed with this court by the Indiana Attorney General. Consequently, this court on January 30, 1990, ordered the Starke Circuit Court to file with the Clerk of this court State's Exhibit A, the video-taped confession. The Stark Circuit Court complied with this court's order. As a result, this court has viewed the petitioner's video-taped confession which was admitted into evidence at the guilty plea hearing