Earl Ray **HACKETT**, Appellant (Petitioner Below),

v.

**STATE of Indiana, Appellee** (Respondent Below).

No. 45A04–9506–PC–201.

Court of Appeals of Indiana.

Feb. 21, 1996.

Rehearing Denied April 15, 1996.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Jodi Kathryn Rowe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Earl Ray Hackett appeals from the denial of his petition for post-conviction relief.

We affirm.

### ISSUES

1. Whether Hackett was afforded effective assistance of appellate counsel.

2. Whether Ind.Code 11–13–3–2(b)(3), the parole eligibility statute, is unconstitutional as applied to Hackett.

## FACTS

Hackett was convicted of two counts of murder in the first degree for which he received concurrent life sentences. Our supreme court affirmed his convictions on direct appeal in *Hackett v. State*, 266 Ind. 103, 360 N.E.2d 1000 (1977). His subsequent petition for post-conviction relief was denied.

## DECISION

■ In a post-conviction relief proceeding, the petitioner bears the burden of establishing the grounds for his relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5); *Schiro v. State*, 533 N.E.2d 1201 (Ind.1989), *cert. denied* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218 (1989). On appeal from a denial of post-conviction relief, the appellant petitioner again bears the burden to show that "the evidence is without conflict and leads to a conclusion opposite the judgment reached by the post-conviction trial court." *Wickliffe v. State*, 523 N.E.2d 1385, 1386 (Ind.1988). In our appellate review, we consider "only the probative evidence and reasonable inferences supporting the judgment." *Id.*

### 1. EFFECTIVE ASSISTANCE OF AP- PELLATE COUNSEL

■ Hackett argues he was denied effective assistance of appellate counsel. Ineffective assistance of counsel claims are judged by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Lawrence v. State*, 464 N.E.2d 1291, 1294 (Ind.1984). The effectiveness of appellate counsel is judged by the same standard as is applied to trial counsel. *Mato v. State*, 478 N.E.2d 57, 62 (Ind.1985). A claim of ineffective assistance, as violating the Sixth Amendment of the U.S. Constitution, is subject to a two-part test. In order to prevail, the petitioner must show that 1) his counsel's performance fell below an objective standard of reasonableness, and

2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. *Mott v. State*, 547 N.E.2d 261, 263 (Ind.1989).

### A.

■ Hackett first argues his appellate counsel was ineffective for failing to raise what he claims to be the ineffective assistance of his trial counsel for failing to object to Final Instruction # 9, which provides:

> I instruct you that to constitute murder in the first degree as charged in the death of ELLA JONES a/k/a ELLA WAB-BINGTON as charged in count two of the indictment, it is not necessary for the state to prove either premeditated malice or an intent to kill. The only issue being did the defendant, EARL RAY HACKETT a/k/a EARL RAY BARNES, while in the perpetration of a robbery, kill ELLA JONES a/k/a ELLA WABBINGTON.

(T.R. 49).[1] Specifically, Hackett argues "Final Instruction # 9 was erroneous ... because it did not require the State to prove or the jury to find, beyond a reasonable doubt, all of the necessary elements associated with the charged offense contained in Count II of the indictment." Brief of Appellant at 18–9.

Hackett relies upon two cases in support of his contention. He first directs our attention to *Pruett v. State*, 250 Ind. 359, 234 N.E.2d 501 (1968), wherein our supreme court found that in a prosecution for murder in perpetration of a robbery, the State must prove "the essential elements of the felony appellant is charged to have been perpetrating at the time of the killing." *Id.* 234 N.E.2d at 505. Hackett then directs our attention to *Vasco v. State*, 163 Ind.App. 461, 324 N.E.2d 826 (1975), wherein this court identified the following elements of the robbery statute in effect at that time:[2] (1) an unlawful taking, (2) from the person of another, (3) an article of value, (4) by violence or putting in fear. *Id.* 324 N.E.2d at 827.

---

1. "T.R." represents Hackett's Exhibit 1, which is the Record of Proceedings on direct appeal.

2. Ind.Code 35–13–4–6.

 The State points out, however, that jury instructions are not to be considered in isolation, but as a whole and with reference to each other. *Bonham v. State,* 644 N.E.2d 1223, 1227 (Ind.1994). To that end, the State directs our attention to Final Instruction # 1, a recitation of the indictment, which states in pertinent part:

> ... EARL RAY HACKETT, a/k/a EARL RAY BARNES, of said County, on the 24th day of December, 1974, at said County and State aforesaid, did then and there unlawfully, feloniously and forcibly take, rob and steal, or attempt to take, rob and steal, from the person of one ELLA JONES, a/k/a ELL WABBINGTON, by violence and by putting her, the said ELLA JONES, a/k/a ELLA WABBINGTON, in fear, certain articles of value, to-wit: money, the value of which is unknown, the personal property of the said ELLA JONES, a/k/a ELLA WABBINGTON; and the said EARL RAY HACKETT, a/k/a EARL RAY BARNES, at the time of and while engaged in the perpetration of said robbery, did then and there unlawfully and feloniously kill and murder the said ELLA JONES, a/k/a ELLA WABBINGTON, by then and there unlawfully and feloniously shooting at and against and thereby mortally wounding the said ELLA JONES, a/k/a ELLA WABBINGTON, with a certain deadly weapon, commonly called a pistol....

(T.R. 40).

Thus, because the instructions as a whole instructed the jury as to the elements of the robbery, we cannot say that appellate counsel was ineffective for failing to allege that Hackett's trial counsel was ineffective because he failed to object to Final Instruction # 9.

### B.

 Prior to trial, Hackett filed a motion for discovery and/or protective order seeking the identity of a State's witness who was listed in discovery as "_____ Doe." At a hearing on Hackett's motion, the State withdrew this witness without revealing the witness's identity. At trial, Hackett presented alibi evidence. Thereafter, the State called Patricia Smith as a rebuttal witness, conceding that Smith was, in fact, "_____ Doe." Although Smith testified over trial counsel's objection, trial counsel was allowed to depose her before she testified.

In a motion to correct error, trial counsel claimed trial court's failure to sustain his objection to Smith's testimony was an error. However, appellate counsel did not raise the issue in Hackett's direct appeal. For this reason, Hackett now claims appellate counsel was ineffective because "such tactics by the State ... violated his right to a fair trial and due process of law in matters of discovery and trial strategy in making an informed decision about whether or not to present an alibi defense." Brief of Appellate at 22.

In *McCullough v. Archbold Ladder Co.,* 605 N.E.2d 175 (Ind.1993), our supreme court held:

> the nondisclosure of a rebuttal witness is excused only when that witness was unknown and unanticipated; known and anticipated witnesses, even if presented in rebuttal, must be identified pursuant a court order, such as a pre-trial order, or to a proper discovery request.

*Id.* at 179.

However, noting the ambiguity of existing Indiana case law on the issue, our supreme court expressly declined to apply this new rule retroactively. Thus, at the time of Hackett's trial, the State was under no obligation to disclose Smith's identity.[3] As a result, we cannot say appellate counsel's representation of Hackett was ineffective.

### 2. *PAROLE ELIGIBILITY*

 Because Hackett was convicted of two counts of murder, for which he received con-

---

**3.** *See Jenkins v. State,* 627 N.E.2d 789, 799 (Ind. 1993), *reh'g denied, cert. denied* —— U.S. ——, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994) ("[w]hile it is true that we held in *McCullough* that the nondisclosure of a rebuttal witness is excused only when that witness is unknown and unanticipated, that rule must be applied prospectively").

current life sentences he will never be eligible for parole consideration pursuant to Ind. Code 11–13–3–2(b)(3).[4] He claims I.C. 11–13–3–2(b)(3) violates both his federal and state constitutional rights.

Hackett first argues that there is no rational basis to treat concurrent life sentences differently than a single life sentence. In *Bean v. Bayh*, 562 N.E.2d 1328 (Ind.App., 1990), *reh'g denied, trans. denied*, this court addressed an argument identical to the claim Hackett makes here. In *Bean*, the defendant challenged I.C. 11–13–3–2(b)(3) arguing that "there is no rational basis to deny him parole merely because he is serving two life sentences when the sentences are being served concurrently." *Id.* at 1329. This court disagreed holding:

> The relevant statutory provision is succinct. In plain and explicit language the legislature has declared an individual serving two sentences of life imprisonment upon conviction of more than one felony is not eligible for parole consideration.

> \* \* \* \* \* \*

> The legislative judgment is that parole should be denied to any individual who has committed two felonies generating life sentences regardless how the sentences are served. There is nothing irrational about that judgment.

*Id.* Thus, Hackett's first argument fails.

Next, Hackett argues I.C. 11–13–3–2(b)(3) violates his right to equal protection because there is no rational basis for a parole eligibility scheme that excludes him while including others who are convicted under the "new" penal code and receive determinate sentences for murder. Hackett's second argument must fail as well in that a comparison of his life sentence to the determinate sentences of those convicted under the "new" penal code does not raise equal protection concerns. In *Rivera v. State*, 179 Ind.App. 295, 385 N.E.2d 455 (1979), our supreme court held that for equal protection purposes:

> [l]egislation defining crimes and assessing penalties does not create different classes of people. Criminal statutes apply exclusively to one class of people, those who violate the law, and they relate to the specific point in time that a violation occurs. Upon alteration of the criminal law, individuals subsequently convicted are not similarly situated and cannot be equated to those previously convicted.

*Id.* 385 N.E.2d at 457.

The trial court did not err in denying Hackett's petition for post-conviction relief.

Affirmed.

CHEZEM and FRIEDLANDER, JJ. concur.

---

4. I.C. 11–13–3–2(b)(3) provides in pertinent part:
 (b) parole and discharge eligibility for offenders sentenced for offenses under laws other than IC 35–50 is as follows:
 \* \* \*
 (3) A person sentenced upon conviction of first degree murder or second degree murder to a term of life imprisonment is eligible for release on parole upon completion of twenty (20) years time served on the sentence. A person sentenced upon conviction of a felony other than first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of fifteen (15) years of time served on the sentence. *A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section.*
 (Emphasis added).