STATE of Indiana, Appellant
(Plaintiff Below),

v.

Kerrie D. PRICE, Appellee
(Defendant Below).

No. 49S00–9802–DP–96.

Supreme Court of Indiana.

June 23, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, Greg Ullrich, Arthur Thaddeus Perry, Deputies Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Monica Foster, Kevin McShane, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Kerrie Price committed a series of drug offenses, and the State charged him with multiple counts eventually leading to sentences that total eighty-eight years. The State now alleges that Price committed two murders while he was out on bail awaiting trial for these crimes. Price argued to the trial court that a death penalty imposed for these offenses must be carried out after he serves the eighty-eight-year sentence ordered earlier.

■ The trial court agreed with Price that an execution, if ordered, could only occur many decades in the future. It apparently also agreed with Price that such a delay would be cruel and unusual punishment. Accordingly, it dismissed the State's request for the death penalty. The court certified the dismissal for interlocutory appeal, and we accepted it.

Price has relied on a provision in the general sentencing statutes:

If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed. Ind.Code Ann. § 35–50–1–2(d) (West 1998).

Price notes that the General Assembly sometimes uses more specific language in legislating about incarceration, like "a fixed term of fifty-five (55) years" for murder [1] or a "minimum term of imprisonment" for parole eligibility.[2] The use of the unadorned "term of imprisonment" in the consecutive sentencing law, he says, implies a broad application of that law to all situations involving incarceration. A person sentenced to death, of course, is "confined in the state prison until the date of his execution." Ind.Code Ann. § 35–38–6–4 (West 1998).

The current version of Ind.Code § 35–50–1–2(d), as revised in 1997, is apparently the General Assembly's response to our decisions about the limited nature of trial court authority to order consecutive sentences conferred by earlier versions of the statute.[3] We perceive nothing in the genealogy of the revised section or in its language that suggests the result now urged by Price. A "term of imprisonment" is a penalty under which the convict is sent to incarceration for some period (such as two years or five to ten years) and then released after the period has passed. Execution is a penalty of a radically different sort. It features incarceration only while appellate processes persist and does not contemplate a future release into society.

Satisfied that the death penalty is not "a term of imprisonment" within the meaning of Ind.Code § 35–50–1–2(d), we reverse the trial court and order reinstatement of the request for the death penalty.

DICKSON, SULLIVAN, SELBY, and BOEHM, JJ., concur.

---

1. Ind.Code Ann. § 35–50–2–3 (West 1998).

2. Ind.Code Ann. § 11–13–3–2 (West 1982).

3. *See, e.g., Seay v. State,* 550 N.E.2d 1284 (Ind. 1990), and *Kendrick v. State,* 529 N.E.2d 1311 (Ind.1988). *Weaver v. State,* 664 N.E.2d 1169 (Ind.1996), and *Berry v. State,* 689 N.E.2d 444, 446 (Ind.1997)(Sullivan, J., dissenting), discuss these changes to the statute.