ATTORNEYS FOR APPELLANT
John H. Haskin
Bradley L. Wilson
Meghan U. Lehner
John H. Haskin & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Mitzi H. Martin
Susan W. Kline
Brian R. Garrison
Baker & Daniels, LLP
Indianapolis, Indiana



FILED
Mar 06 2012, 8:48 am
CLERK
of the supreme court,
court of appeals and
tax court

### In the
# Indiana Supreme Court

---

No. 94S00-1109-CQ-570

MARK J. THATCHER,

*Plaintiff,*

v.

CITY OF KOKOMO, ET AL.,

*Defendants.*

---

Certified Questions from the United States District Court
Southern District of Indiana
No. 1:10-cv-101-WTL-TAB
The Honorable William T. Lawrence, Judge

---

**March 6, 2012**

**Rucker, Justice.**

This cause comes to us as a certified question from the United States District Court for the Southern District of Indiana. Pursuant to Indiana Appellate Rule 64, which allows certification of questions of Indiana law for consideration by this Court, we have accepted the following questions:

1)      Does Indiana Code section 36-8-4-7(a) apply to a member of the 1977 Fund[1] who is receiving disability benefits and who has been determined to have been recovered pursuant to 35 Indiana Administrative Code section 2-5-5(c)?

2)      If yes, does Indiana Code section 36-8-8-12(e) apply to determination of eligibility under Indiana Code section 36-8-4-7(a), such that time spent receiving disability benefits counts toward "years of service" as that term is used in Indiana Code section 36-8-4-7(a)?

**Facts and Procedural History**

Mark J. Thatcher ("Thatcher") served as a police officer for the City of Kokomo (the "City") beginning in 1980. After approximately four years on the job, Thatcher sustained a knee injury in the line of duty. Thatcher's injury rendered him unable to work, and he was placed on paid sick leave for six months. Thatcher applied for PERF disability benefits pursuant to his membership in the 1977 Fund. When Thatcher's paid sick leave expired in August 1984, Thatcher was placed on unpaid medical leave pending the resolution of his disability claim. Pl.'s App. at 175. During the pendency of Thatcher's disability claim, the chief of the City police department informed Thatcher that he would recommend to the Board of Public Works and Safety ("Board of Works")[2] that Thatcher's "employment with the Kokomo Police Department be terminated" on December 10, 1984. Pl.'s App. at 176. Though the record is not entirely

[1] The "1977 Fund" is a disability and pension fund for police officers and firefighters established by Indiana Code section 36-8-8-4 that is managed by the Indiana Public Employees' Retirement Fund ("PERF"). See Cert. to Ind. Sup. Ct. at 1 n.1.

[2] The Board of Works has exclusive control over all matters relating to the Kokomo Police Department, including employment actions. Neither the police chief nor the local pension board have authority in this regard. Pl.'s App. at 120.

2

clear, this appears to have been in response to the State Pension Board's initial denial of Thatcher's disability claim on November 8, 1984. On December 10, 1984, Thatcher requested that his unpaid leave be extended, apparently so he could appeal the Board's decision. Pl.'s App. at 177. The State Pension Board ultimately reversed its decision and granted disability benefits to Thatcher on May 22, 1985. Pl.'s App. at 178. On July 8, 1985, the Board of Works terminated Thatcher's medical leave with the notation that he is "now on disability pension." Pl.'s App. at 182-84.

In 2008, due to advances in surgical techniques, Thatcher's knee was repaired and he asked the chief of police for reinstatement to active duty. The chief brought the issue to the November 13, 2008 meeting of the local pension board, which administers the City's participation in the 1977 Fund. Pursuant to its authority under Indiana Code section 36-8-8-13.7 to "[r]eview [a fund] member's impairment," the local board concluded that Thatcher should undergo a physical examination by a doctor of the board's choosing and then the board would revisit the matter. Pl.'s App. at 71. Thatcher underwent the examination and the physician submitted a written report to the local board. At its December 11, 2008 meeting, the board reviewed the report and found that "Officer Thatcher has been rehabilitated to the point where he is physically capable of performing these [sic] duties that may be required in the normal course of police work." Pl.'s App. at 78. The board voted to "reinstate Mark Thatcher and place him back on the active rolls and to send that information to the state PERF board for their recommendation." Pl.'s App. at 78. The local pension board then sent a letter to PERF, stating that it had completed a medical evaluation of Thatcher pursuant to Indiana Code section 36-8-8-13.7 and found him fit to return to duty. Pl.'s App. at 81. This letter was copied to the Board of Works. PERF responded on December 31, 2008 declaring, "The PERF medical authority recommends that Mark Thatcher return to the Kokomo Police Department, with the restrictions that his position should not involve[ ] significant running and jumping. Please notify us in writing if there is a suitable position within the department that does not involve significant running and jumping." Pl.'s App. at 82. This action was consistent with the requirements of 35 Indiana Administrative Code section 2-5-5(c)(1), which provides, "[i]f there is a final determination that a disabilitant has recovered, the state board shall solicit a certification from

the local authorities with regard to the existence of suitable and available work on the police or fire department."

However, the local pension board recommended to the Board of Works that Thatcher "not be offered a position" because "due to . . . fiscal constraints, the department has no available work at this time." Pl.'s App. at 83. In January 2009, the Board of Works notified PERF that no suitable work was available for Thatcher. The effect of this notification was to permit the continuation of Thatcher's disability benefits. See 35 Ind. Admin. Code 2-5-5(c)(2) ("Benefits will be terminated if suitable and available work on the police or fire department has been offered to the member."). This Rule also provides that "[a] recovered member returning to the same department will not be treated as a new applicant and will not be subjected to the application process for new members in the fund." 35 I.A.C. 2-5-5(c)(3). The Board of Works further notified PERF that "[s]hould a suitable position become available with the Department this Board will see that Mr. Thatcher is properly notified and given the opportunity to accept that assignment." Pl.'s App. at 84. Thatcher then filed a Charge of Discrimination with the EEOC claiming that the City of Kokomo had discriminated against him on the basis of age – Thatcher was 49 years old at the time he requested reinstatement – and disability.

In December 2009, as a result of receiving a federal grant, the City decided to hire three new police officers. At that time, the Kokomo city attorney advised the Board of Works that, in his opinion, Thatcher could not be reinstated because of the following statutory prohibition:

> A person may not be appointed as a member of the police department or fire department after the person has reached thirty-six (36) years of age. A person may be reappointed as a member of the department only if the person is a former member or a retired member not yet receiving retirement benefits of the 1925, 1937, 1953, or 1977 fund and can complete twenty (20) years of service before reaching sixty (60) years of age.

Ind. Code § 36-8-4-7(a); Pl.'s App. at 190. Thatcher was 50 years old at this time and had completed four years of service on the police department.

Thatcher brought claims in federal district court against the City and the Kokomo Police Department ("KPD") under the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA").[3] The federal district court determined that resolution of the defendants' motion for summary judgment involved unanswered questions of Indiana law, which it certified to this Court and we accepted.

**Discussion**

Our analysis of this matter requires us to interpret various sections of the Indiana Code. When a statute has not previously been construed, the express language of the statute controls the interpretation and the rules of statutory construction apply. Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572, 575 (Ind. 2001). "Clear and unambiguous statutes leave no room for judicial construction." Basileh v. Alghusain, 912 N.E.2d 814, 821 (Ind. 2009). But when a statute is susceptible to more than one interpretation it is deemed ambiguous and thus open to judicial construction. Id.

As a threshold matter we note that Indiana Code title 36 is entitled "Local Government." Article 8 of this title is entitled "Public Safety." Chapter 4 of this article is entitled "Police and Fire Employment Policies in Cities" (the "Employment Chapter") and Chapter 8 of the Public Safety article is entitled "1977 Police Officers' and Firefighters' Pension and Disability Fund" (the "1977 Fund Chapter"). Title 35 of the Indiana Administrative Code is entitled "Board of Trustees of the Public Employees' Retirement Fund," Article 2 of this title concerns the "Police and Firefighters' Pension and Disability Fund (1977 Fund)," and Rule 5 of this article governs "Disability Benefits."

The first question before us concerns application of one sentence of Indiana Code section 36-8-4-7, or what Thatcher refers to as the "Reappointment Statute":

> A person may be reappointed as a member of the department only if the person is a former member or a retired member not yet receiving retirement benefits of the 1925, 1937, 1953, or 1977 fund

---

[3] Thatcher originally asserted several other claims, which he voluntarily dismissed.

and can complete twenty (20) years of service before reaching sixty (60) years of age.

I.C. § 36-8-4-7(a). This section also provides, "A person must pass the aptitude, physical agility, and physical examination required by the local board of the fund and by IC 36-8-8-19 to be appointed or reappointed as a member of the department." I.C. § 36-8-4-7(c).

Thatcher argues that this statute does not apply to him because, according to Thatcher's interpretation of another section of the statutory scheme, he is exempted from the examination requirements of Indiana Code section 36-8-8-19. See I.C. § 36-8-8-12(b) ("A member who has had a covered impairment and returns to active duty with the department shall not be treated as a new applicant seeking to become a member of the 1977 fund."); see also 35 I.A.C. 2-5-5(c)(3) ("A recovered member returning to the same department will not be treated as a new applicant and will not be subjected to the application process for new members in the fund."). Thatcher reasons that because he is exempt from being "treated as a new applicant seeking to become a member of the 1977 fund," he is also exempt from the requirements of Indiana Code section 36-8-4-7(c), and therefore, he seeks not a "reappointment" to the KPD under the statute, but rather something else – which he refers to as "reinstatement."

We disagree that simply because Thatcher is exempted under the 1977 Fund Chapter of the code from being "treated as a new applicant seeking to become a member of the 1977 fund," I.C. § 36-8-8-12(b), he is also exempted under the Employment Chapter from "pass[ing] the aptitude, physical agility, and physical examination required by the local board of the fund and by IC 36-8-8-19." I.C. § 36-8-4-7(c). But even if we did agree with Thatcher on this point, we could not make his ultimate inferential leap that because he seeks to "return to active duty" with the department he is not seeking "reappointment" to his position.

None of the words or phrases "reappointment," "reinstatement," "return to active duty," or "return to active service" are defined in the statutes. Thatcher points to various locations within article 8 where these words are used. See, e.g., Br. of Pl. at 12 ("The Legislature used the term 'reappointment' in the Reappointment Statute, but did not use the term in the [1977 Fund Chapter]. . . . [but] the Legislature . . . used the phrase 'return to active duty' . . . [in sections of

6

the 1977 Fund Chapter].")  These observations are correct, but they do not mandate Thatcher's conclusion that "[t]he Legislature intended that recovered members be determined to be 'returning to active duty' and not simply reappointments."  Br. of Pl. at 12.  Rather, it seems from the plain language of the statutes that regardless of how Thatcher's proposed return to work is phrased, that such a return is a "reappointment" subject to Indiana Code section 36-8-4-7.

Thatcher may have been deemed "recovered" and therefore eligible for reinstatement or reappointment from PERF's standpoint – in fact, the record before us indicates that he was.  This, however, is not the same thing as being eligible for reappointment under Indiana Code section 36-8-4-7.  Thatcher's employment with the KPD ended when his unpaid leave terminated and he was placed on permanent disability.  He is therefore subject to the terms of Indiana Code section 36-8-4-7.

Because we have answered the first question affirmatively, we must now proceed to the second question.  Indiana Code section 36-8-8-12(e), which deals with administration of the 1977 fund,[4] provides in relevant part, "Time spent receiving disability benefits is considered active service for the purpose of determining retirement benefits until the fund member has a total of twenty (20) years of service."  The second question asks whether this statute applies to eligibility determinations under the Reappointment Statute such that time spent receiving disability benefits – in Thatcher's case nearly twenty-four years – counts toward "years of service" in computing whether a potential reappointee "can complete twenty (20) years of service before reaching sixty (60) years of age."  I.C. § 36-8-4-7(a).

By the plain language of the statute, we answer this question in the negative.  Indiana Code section 36-8-8-12(e) very specifically requires that time spent receiving disability benefits be counted toward active service *for the purpose of determining retirement benefits*." (emphasis added).  It does not mandate counting this time in computing how many years of service a reappointee can accrue before reaching age sixty or for any other purpose.  As with the

---

[4] As noted earlier, article 8 of title 36 concerns "Public Safety" and chapter 4 of this article concerns "Police and Fire Employment Policies in Cities."  Chapter 8 of this article is entitled "1977 Police Officers' and Firefighters' Pension and Disability Fund."

words "reappointment" and "reinstatement," "service" and "active service" are undefined in these statutes. But the fact that the Legislature drafted the 1977 Fund Chapter to expressly include disability time in the service calculation for retirement benefits indicates that normally, such time would not be so included. C.f., e.g., Corr v. Am. Family Ins., 767 N.E.2d 535, 540 (Ind. 2002) (recognizing that an interpretation rendering statutory language mere surplusage violates canons of statutory construction). This comports with the common understanding of what "service" entails – that is, doing something for some useful purpose. See, e.g., The American Heritage Dictionary of the English Language 1184-85 (1981) (defining "service" as "[t]he occupation or duties of a servant," "[e]mployment in duties or work for another," and "[w]ork done for others as an occupation or business").

We commend Thatcher for his commitment to police service and for his efforts to return to active duty on the KPD. And we sympathize with his frustrations at not being able to return to serve his community in this capacity. Indeed the City initially believed it could offer Thatcher a position when one became available. The City later realized, and correctly so, that there was a statutory prohibition against allowing Thatcher's return to the Department.

## Conclusion

Indiana Code section 36-8-4-7(a) applies to a member of the 1977 Fund who is receiving disability benefits and who has been determined to have been recovered pursuant to 35 Indiana Administrative Code section 2-5-5(c). And the time period during which a person receives disability benefits under Indiana Code section 36-8-8-12(e) does not count toward "years of service" as that term is used in Indiana Code section 36-8-4-7(a).

Shepard, C.J., and Dickson, Sullivan and David, JJ., concur.

8