



ATTORNEY FOR APPELLANT
Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Kelly A. Loy
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

---

No. 71S00-1510-LW-590

STEVEN CLIPPINGER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

---

Appeal from the St. Joseph County Superior Court, No. 71D03-1206-MR-8
The Honorable Jerome Frese, Judge

---

On Direct Appeal

---

**June 28, 2016**

**Massa, Justice.**

Steven Clippinger murdered his brother and sister-in-law and was sentenced to two terms of life imprisonment without parole, with an additional term of twenty years for his conviction as a serious violent felon in possession of a firearm, all to be served consecutively. Clippinger appeals the sentence only, claiming that the trial court was without statutory authorization to impose consecutive life sentences, and that the trial court's sentencing order in this case was inadequate. We agree with Clippinger's second contention, but find the sentence imposed was proper, and thus

exercise our appellate prerogative to sentence Clippinger to two consecutive terms of life imprisonment without parole, and affirm the additional consecutive term of twenty years imprisonment for the firearm possession conviction.

## Facts and Procedural History

Clippinger was first convicted of murder in 1990, at the age of 18, and served twenty years in prison, being released from parole in 2010. Just two years later, in June 2012, Clippinger's brother Matthew took from him a .38 caliber revolver and refused to give it back. Clippinger was not permitted to possess a firearm due to his prior conviction. Clippinger returned to Matthew's home later that night, and shot him in the driveway multiple times, including two crippling shots in the lower back. And *after* shooting Matthew, Clippinger repeatedly pistol-whipped him in the head, causing multiple blunt force injuries. Clippinger then fired at Matthew's wife Lisa when she came to the garage to investigate; she then fled back into the house, and Clippinger chased after her and killed her. Matthew and Lisa's two children, ages 12 and 20, were present and called the police. Clippinger fled the scene, running past the then-still-alive Matthew, who later died from his injuries, but not before reporting to police that he had been shot by "my own brother." Tr. at 111. Clippinger was apprehended shortly thereafter, in possession of the firearms which killed Matthew and Lisa.

After a bench trial, Clippinger was convicted of two counts of murder and of being a serious violent felon in possession of a firearm. At a separate sentencing phase, the State presented evidence of two statutory aggravators, including the prior murder conviction, and Clippinger presented evidence in mitigation. The trial court sentenced Clippinger to serve two life sentences without parole consecutively; and, after a subsequent sentencing hearing, imposed an additional 20-year sentence for being a serious violent felon in possession of a firearm, also to run consecutively.

On direct appeal, Clippinger did not challenge his convictions, but only the circumstances of sentencing, claiming: (1) Indiana law did not permit a trial court to impose consecutive sentences of life imprisonment without parole; (2) the sentencing order was insufficient because it failed to specifically identify mitigating factors and balance them against the aggravating factors; and (3) it was improper to conduct a further sentencing hearing after the sentence of life without parole had already been imposed. Before considering the merits, this Court remanded for a revised sentencing order in light of its recent decision in Lewis v. State, which affirmed that when imposing a sentence of life imprisonment without possibility of parole or a sentence of death, the trial court must make specific findings in accordance with the four factors described in Harrison v. State, 644 N.E.2d 1243 (Ind. 1995) and Pittman v. State, 885 N.E.2d 1246 (Ind. 2008), and which also held that the applicable sentencing statute "does not *require* a trial court to impose no less than a sentence of life without possibility of parole if [it finds the aggravators outweigh the mitigators]." 34 N.E.3d 240, 249 n.8 (Ind. 2015) (emphasis in original). The trial court then issued a Revised Order on remand, containing headings consistent with the requirements of Harrison, Pittman and Lewis, and ultimately continued to impose all three sentences consecutively, including the two sentences of life imprisonment without parole. No new argument was made by either party on remand. The parties were invited to submit supplemental briefing as to any new or different issues raised by the Revised Order, but declined to do so. Accordingly, we find that the Revised Order has mooted Clippinger's third contention on appeal, and shall address the remaining two.

## Standard of Review

"We have long said that sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Accordingly, "[a] trial court's sentencing order will be reviewed for an abuse of discretion." Rice v. State, 6 N.E.3d 940, 943 (Ind. 2014) (citing Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007)). If, however, "the issue presented on appeal is a pure question of law, we review the matter de novo." State v. Holloway, 980 N.E.2d 331, 334 (Ind. Ct. App. 2012) (quoting State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997)).

**A Sentence of Life Without Parole Is a "Term of Imprisonment" Pursuant to Indiana Code Section 35-50-1-2(c).**

Clippinger claims that the trial court abused its discretion in imposing consecutive life sentences under Indiana Code section 35-50-1-2(c) (2014) ("Section 2(c)"),[1] citing our recent decision in Isom v. State that consecutive *death* sentences exceed the statutory authority granted trial courts under Section 2(c) to impose consecutive sentences for "terms of imprisonment":

> A "term of imprisonment" is a penalty under which the convict is sent to incarceration for some period (such as two years or five to ten years) and then released after the period has passed. Execution is a penalty of a radically different sort. It features incarceration only while appellate processes persist and does not contemplate a future release into society.

Appellant's Br. at 11 (quoting Isom v. State, 31 N.E.3d 469, 495 (Ind. 2015) and State v. Price, 715 N.E.2d 331, 332 (Ind. 1999)). Clippinger claims that a life sentence is akin to a death sentence because it too lacks a "contemplated future release into society," and the period of incarceration is for an indefinite term; thus it is *not* a "term of imprisonment" under Section 2(c). Appellant's Br. at 11–12. The State contends, however, that life imprisonment is more akin to a term of years because incarceration pending execution is merely a tool "to house the person during the appellate process" whereas life imprisonment is "for a set period of incarceration, i.e. for the duration of the offender's life." State's Br. at 10.

Clippinger's position is not without intuitive merit; indeed, sentences of life without parole and death are both subject to the same unique trial procedures under our statutory scheme,[2] and

---

[1] "A trial court cannot order consecutive sentences absent express statutory authority." Weaver v. State, 664 N.E.2d 1169, 1170 (Ind. 1996).

[2] See, e.g., Ind. Code § 35-50-2-9 ("(a) The state may seek either a death sentence or a sentence of life imprisonment without parole for murder by alleging, on a page separate from the rest of the charging instrument, the existence of at least one (1) of the aggravating circumstances listed in subsection (b). In the

these two criminal sentences are the only kind subject to mandatory appellate review by this Court.[3] And we demand the same level of particularity in the trial court's sentencing order for both life without parole and death sentences. See Pope v. State, 737 N.E.2d 374, 382 (Ind. 2000) ("A sentence of life without parole is subject to the same statutory standards and requirements as the death penalty.").

Here, however, we are faced with a far narrower question than the existential difference between life in prison and a death sentence; rather, we are asked to determine the scope of an applicable sentencing statute, Section 2(c). We begin by noting that it is facially ambiguous whether a sentence of life without parole constitutes a term of imprisonment because that phrase is susceptible to more than one reasonable interpretation, and thus Section 2(c) is "open to judicial construction." Thatcher v. City of Kokomo, 962 N.E.2d 1224, 1227 (Ind. 2012). "When faced with an ambiguous statute, our primary goal is to determine, give effect to, and implement the intent of the Legislature with well-established rules of statutory construction." Anderson v. Gaudin, 42 N.E.3d 82, 85 (Ind. 2015). "[W]e assume that the language in a statute was used intentionally and that every word should be given effect and meaning. . . . And statutes concerning the same subject matter must be read together to harmonize and give effect to each." Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005) (footnotes omitted).

The crux of the issue is whether the legislature intended a sentence of life without parole to fit within the definition of a "term of imprisonment." The statute under which Clippinger was sentenced, Indiana Code section 35-50-2-9(g), provides the clearest indication of that intent: "If

---

sentencing hearing after a person is convicted of murder, the state must prove beyond a reasonable doubt the existence of at least one (1) of the aggravating circumstances alleged.").

[3] See Ind. Appellate Rule 4(A)(1) ("The Supreme Court shall have mandatory and exclusive jurisdiction over the following cases: (a) Criminal Appeals in which a sentence of death or life imprisonment without parole is imposed under Ind. Code § 35-50-2-9 . . . .").

the hearing is to the court alone . . . the court shall: (1) sentence the defendant to death; or (2) impose a *term of life imprisonment without parole*; only if it makes the findings described in subsection (*l*)." Given that the sentence of life imprisonment without parole is expressly labeled a "term" of imprisonment, the most logical reading of Section 2(c) is, therefore, that it permits consecutive life sentences. Indeed, we have tacitly recognized the availability of such consecutive sentencing, though we have never directly addressed the issue. See, e.g., Sallee v. State, No. 03S00-1504-LW-237, 2016 WL 1051588 at *3, *6 (Ind. Mar. 16, 2016) (affirming conviction where defendant was sentenced to "life without parole for each of the four counts of murder, with the sentences to run consecutively"); Pope, 737 N.E.2d at 377 (noting that the trial court had imposed "two consecutive life sentences without parole," but reversing the sentence and remanding on other grounds).

Moreover, life imprisonment without parole contains two related concepts: "imprisonment" and "parole." We therefore think it pertinent to look to our parole statutes for additional guidance, as statutes concerning the same issue. The statute governing parole for sentences imposed under our current criminal code states that an inmate may be eligible for parole when he or she "completes the person's *fixed term of imprisonment*." Ind. Code § 35-50-6-1 (emphasis added). Indiana Code section 11-13-3-2(b) (2014), on the other hand, governs parole for sentences imposed "for offenses under laws other than IC 35-50," such as sentences imposed under the version of the criminal code in effect until 1977,[4] and states in relevant part:

> (3) A person sentenced upon conviction of first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of twenty (20) years of time served on the sentence. A person sentenced upon conviction of a felony other than first degree murder or second degree murder to a term of life imprisonment is eligible for

[4] See Hannis v. Deuth, 816 N.E.2d 872, 876 (Ind. Ct. App. 2004) ("Offenders sentenced for offenses under laws other than Ind. Code §§ 35-50 would include those offenders sentenced before the effective date of Ind. Code § 35-50. See Acts 1976, Pub. L. No. 148, § 8 (eff. Oct. 1, 1977).").

> consideration for release on parole upon completion of fifteen (15) years of time served on the sentence. A person sentenced upon conviction of more than one (1) felony to more than one (1) term of life imprisonment is not eligible for consideration for release on parole under this section. A person sentenced to a term of life imprisonment does not earn credit time with respect to that term.

These statutes support three inferences as to our General Assembly's intent in crafting our overall sentencing scheme, each of which supports that Section 2(c) permits consecutive life sentences without parole. First, the Legislature has differentiated between a "*fixed* term of imprisonment" eligible for parole under Indiana Code section 35-50-6-1, and "terms of imprisonment" more generally under Section 2(c). Accordingly, Section 2(c) can be read to allow consecutive sentencing even for *unfixed* terms of imprisonment, which would include sentences of life without parole.[5] Second, the Legislature has again used the phrase "term of life imprisonment" in section 11-13-3-2(b)(3), which further supports that life imprisonment, while indefinite in duration, fits within the definition of a "term" of imprisonment for purposes of both sentencing and parole. In contrast, there are no Indiana criminal statutes referring to the death penalty as a "term" of imprisonment. Third, section 11-13-3-2(b)(3) also denies parole to inmates sentenced to "more than one (1) term of life imprisonment," in a manner which contemplates those sentences may run either consecutively or concurrently. See, e.g., Hackett v. State, 661 N.E.2d 1231, 1234–35 (Ind. Ct. App. 1996) (holding that section 11-13-3-2(b)(3) could be constitutionally applied to deny parole to an inmate serving two life sentences concurrently, because the plain text is applicable to deny parole "regardless [of] how the sentences are served") (quoting Bean v. Bayh, 562 N.E.2d 1328, 1329 (Ind. Ct. App. 1990)).

---

[5] This Court previously rejected a similar argument in Price, as it related to consecutive death sentences under Indiana Code section 35-50-1-2(d) (1998). 715 N.E.2d at 332. That argument, however, was tied to Price's assertion that the phrase "term of imprisonment" should cover "all situations involving incarceration," an assertion which the Price Court properly found to be invalid. Id.

In short, Indiana's criminal sentencing and parole schemes support reading "terms of imprisonment" in Section 2(c) to permit the imposition of consecutive life sentences without parole. To be sure, there are unique considerations when construing ambiguities in the criminal code, in particular the rule of lenity, which "requires that penal statutes be construed strictly against the State and any ambiguities resolved in favor of the accused." Meredith v. State, 906 N.E.2d 867, 872 (Ind. 2009). However, aside from *raising* the statutory interpretation question, Clippinger concedes that neither outcome would cause him any harm or prejudice. See Oral Arg. Video at 14:23–30 ("It may not matter to Mr. Clippinger, but as far as precedent, as far as following the rules, as far as following the statute, it does make a big difference."); see also Tr. at 795 ([Defense Counsel]: Your Honor, the Court has already made a determination that Mr. Clippinger will be sentenced to life without the possibility of parole. The question about whether or not it's consecutive or concurrent really has no bearing on any amount of time that Mr. Clippinger will serve in this case."). And as we can identify none ourselves, we choose to read these statutes in harmony, to permit the imposition of consecutive life sentences without parole under Section 2(c).

**Clippinger's Sentence is Proper Despite the Revised Order's Error.**

Clippinger also challenges the adequacy of the trial court's sentencing decision, citing our precedents demanding particular requirements of our trial judges in imposing a capital sentence. In Lewis, we recently affirmed these requirements as they relate to sentences of life without parole:

> [A] trial court's sentencing order imposing a capital sentence must, at a minimum, address the following four issues: (1) identify each mitigating and aggravating circumstance found; (2) include the specific facts and reasons which lead the court to find the existence of each such circumstance; (3) articulate that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence; and (4) the trial court's personal conclusion that the sentence is appropriate punishment for this offender and this crime.

34 N.E.3d at 249. The Revised Order contains section headings consistent with these four elements; however, the content underlying these headings remains inadequate, despite remand for

clarification. In particular, the trial court included at least three paragraphs' worth of non-statutory aggravating factors in its discussion of the appropriate sentences for the murders,[6] a practice which

---

[6] The transcript of the hearing on remand makes clear that, indeed, *both* parties wished for the new sentencing order to reflect that the trial court took only statutory aggravating factors into account in imposing consecutive life sentences, yet the record is, at best, ambiguous on this point.

Compare Revised Sentencing Hr'g Tr. at 12–13:

> [Defense Counsel]: And, Judge, I find myself in the unique position of being in complete agreement with the prosecutor here. . . .
>
> [Prosecutor]: Judge, you can look at every mitigator, and the ones you listed you can look at. The only aggravators are he killed somebody in 1990, I believe, or 1989, and that he killed two people in 2012, I believe. That's it. Not the relationships, not anything else, not the manner in which it was done.
>
> THE COURT: Well, with respect I disagree with you . . . .

with id. at 16–18:

> [Prosecutor]: So I'm asking for the record to be very clear that if the only aggravators that you think of right now and back then are that he committed a prior murder and he committed—he killed two different people, would those and only those as aggravators outweigh the mitigation that you've just enunciated?
>
> THE COURT: Personally I believe that anybody on God's green Earth that takes another person's life and then on another occasion takes two other people's lives separately, those are aggravators per se which outweigh the mitigators that I heard in the mitigation phase. . . .
>
> [Defense Counsel]: So the mitigators, the two statutory aggravators, and that it is your personal belief that the sentence was appropriate.
>
> [Prosecutor]: Yes.
>
> [Defense Counsel]: That's what the amended sentencing order will now say?
>
> THE COURT: Yes.
>
> [Prosecutor]: Very good.

we have consistently prohibited. See, e.g., Pope, 737 N.E.2d at 383 ("[W]hen the death sentence is sought, courts must . . . limit the aggravating circumstances eligible for consideration to those specified in the death penalty statute . . . . The same is true for a sentence of life without parole."). "Where we find an irregularity in a trial court's sentencing decision, we have the option to remand to the trial court for clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." McElfresh v. State, No. 32S01-1511-CR-667, 2016 WL 830921 at *8 (Ind. Mar. 3, 2016) (quoting Cotto v. State, 829 N.E.2d 520, 525 (Ind. 2005)). In this instance, we elect the last option.

We find the State proved beyond a reasonable doubt its two alleged statutory aggravating factors: (1) Clippinger has previously been convicted of murder, Ind. Code § 35-50-2-9(b)(7); and (2) Clippinger "committed another murder, at any time, regardless of whether the defendant has been convicted of that other murder," Ind. Code § 35-50-2-9(b)(8). We also find no statutory factors in mitigation; however, the court can (and indeed should) consider significant non-statutory mitigating factors supported by the record in conducting capital sentencing, though the court "is not obligated 'to credit or weigh a possible mitigating circumstance as defendant suggests it should be credited or weighed.'" Trowbridge v. State, 717 N.E.2d 138, 149 (Ind. 1999) (quoting Archer v. State, 689 N.E.2d 678, 684 (Ind. 1997)). Clippinger has identified several facts which he believes favor mitigation, such as the abuse he suffered as a child, as well as his exemplary record during his prior term of incarceration, earning two college degrees, including a minister's degree. We, however, believe that these mitigators are insufficient to overcome the statutory aggravators. We thus find the sentence previously imposed on Clippinger to be proper, and accordingly sentence him to life imprisonment without parole for the murder of Matthew Clippinger and life

---

[Defense Counsel]: And nothing else.

[Prosecutor]: Thank you, your honor.

imprisonment without parole for the murder of Lisa Clippinger, with the terms to run consecutively. And as Clippinger does not challenge the appropriateness of his twenty-year sentence for being a serious violent felon in possession of a firearm, we affirm that sentence, to run consecutive to the life sentences.

## Conclusion

For the foregoing reasons, we impose upon Steven Clippinger two consecutive sentences of life imprisonment without possibility of parole, and affirm the additional consecutive sentence of twenty years for being a serious violent felon in possession of a firearm.

Rush, C.J., and Rucker, David, and Slaughter, JJ., concur.