## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 31 2018, 10:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cameron A. Britain, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 31, 2018 <br><br> Court of Appeals Case No. 18A-CR-1776 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1710-F6-5552 |

**Kirsch, Judge.**

[1] Cameron A. Britain ("Britain") pled guilty to Level 6 felony fraud[1] and was sentenced to 547 days executed in the Indiana Department of Correction ("DOC").[2] He now appeals contending that the trial court abused its discretion in imposing the sentence.

[2] We affirm.

## Facts and Procedural History

[3] In July 2017, the Columbus Police Department initiated an investigation based on a victim report that a wallet had been stolen from an automobile, and later, someone had put unauthorized charges on one of the credit cards. Columbus Police Officer Ryan Linneweber obtained surveillance footage from a gas station where one of the unauthorized transactions had occurred, and watching the video, he noted an individual using the stolen card. Deputy Andrew Dougan of the Bartholomew County Sheriff's Department was later able to identify that individual as Britain.

[4] In October 2017, the State charged Britain with one count of Level 6 felony fraud and one count of Class A misdemeanor conversion. In May 2018, Britain pleaded guilty to fraud pursuant to a plea agreement, and the conversion charge

---

[1] *See* Ind. Code § 35-43-5-4(1).

[2] Britain notes that he was sentenced for 570 days; however, the abstract of judgment states that Britain was ordered to serve 547 days executed. *Appellant's Conf. App. Vol. 2* at 7.

was dismissed. Following a sentencing hearing, the trial court ordered Britain to serve 547 days executed in the DOC.

## Discussion and Decision

[5] Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for an abuse of discretion. *Green v. State*, 65 N.E.3d 620, 635 (Ind. Ct. App. 2016) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on rehearing*, 875 N.E.2d 218 (Ind. 2007)), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. at 635-36 (quoting *Anglemyer*, 868 N.E.2d at 490). A trial court may be found to have abused its sentencing discretion by: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that cites reasons unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and that were advanced by the defendant; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id*. at 636.

[6] Britain's argument falls within the third category. On appeal, he claims that the trial court abused its discretion when it did not identify his guilty plea as a mitigating factor. *Appellant's Br*. at 5.

[7] Our court recently reiterated that "a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of

responsibility or when the defendant receives a substantial benefit in return for the plea." *McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018) (quoting *Anglemyer*, 875 N.E.2d 218, 221 (Ind. 2007)). Where, like here, Britain received the benefit of having a count dismissed in exchange for the guilty plea, and the police had the gas station surveillance footage of Britain committing the crime, Britain's decision to plead guilty was a pragmatic one. *See Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013) ("A guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic."), *trans. denied*.

[8] Furthermore, assuming without deciding that the trial court abused its discretion when it did not find Britain's guilty plea was a mitigating factor, we find that error harmless. *See Banks v. State*, 841 N.E.2d 654, 658-59 (Ind. Ct. App. 2006) (finding the trial court's failure to consider the defendant's guilty plea as mitigating was harmless), *trans. denied*. If there is an irregularity in a trial court's sentencing decision, a reviewing court has the option to affirm the sentence if the error is harmless, to remand to the trial court for a clarification or new sentencing determination, or to reweigh the proper aggravating and mitigating factors independently at the appellate level. *Clippinger v. State*, 54 N.E.3d 986, 992 (Ind. 2016).

[9] At the start of the sentencing hearing, the trial court recognized that Britain had "entered a plea of guilty to Count 1, Fraud, a Level 6 Felony." *Tr. Vol. 2* at 4. Following the close of evidence, the trial addressed Britain, saying:

The Court has reviewed the Presentence Investigation Report; heard the testimony here today, and the comments by counsel. Judgment of conviction was entered earlier for Count 1, Fraud, a Level 6 Felony. Any other counts are dismissed.

Mr. Britain, the Court has to weigh the aggravating and mitigating circumstances and you know what your prior criminal history looks like.

. . . .

You had three juvenile convictions that is [sic] included in a total of ten convictions that you had; three misdemeanors; seven felonies.[3] You have been on probation seven times; straight jail once. You attended juvenile DOC. You had work release after a PTR on one occasion. Of the seven probations that you had, you had PTRs file[d] ten times. You violated ten times. Those violations were for work release, violations [of] drug screens, threats, alcohol, controlled substance use, unlawful possession of a syringe, auto theft. You were terminated at least three times. You were on probation at the time of this incident. You've had prior treatment that has not been successful. And all these convictions occurred from 2006 going forward. So there's been a very short period of time if any that you were not either committing a crime or dealing with a crime or on probation or serving time for a crime.

---

[3] Britain's first contacts with the legal system came as a juvenile with adjudications for operating a motor vehicle without a license in 2006, resisting law enforcement and intimidation in 2008, and possession of marijuana in 2009. *Appellant's Conf. App. Vol. 2* at 21-22. As an adult, he was convicted of sexual misconduct with a minor in March 2013, theft in April 2013, theft in 2015, theft in April 2016, unlawful possession of a syringe in July 2016, theft in August 2017, and theft in October 2017. *Id*. at 22-24. He had also violated probation on numerous occasions, including by committing auto theft in January 2018. *Id*. at 21-24.

. . . .

> You've had five different counties which you've been in; Dearborn, Hamilton, Marion, Johnson and now Boone County. I don't take lightly what Ms. Wertz says because when you look back at why you're here, it's not just . . . you have an issue that you have to deal with, when you committed these ten crimes, you gave ten other people, if not more, things that they now had to deal with; that they didn't expect; that they didn't want; that they didn't ask for and that they didn't deserve.

. . . .

> [W]hen you talk about thefts, yeah, it's to serve your own purpose. Quite frankly, but this came, in this particular one, came from a stolen wallet from a motor vehicle and using that credit card. So you're not affecting just the credit union; they are set up to repay the lady that you took that from, but now she gets to worry about did the person know me? Was this random? . . . With a credit card, do I have to worry about it? Do I have to take off work to try and deal with this? Is there going to be something out there in a couple months I didn't know about and now is charged to us? . . . Will the bank help me out with this? . . . Did you even care? Not at the time you didn't.

*Tr. Vol. 2* at 16-17. Our review of the record convinces us that, even if the trial court had found Britain's guilty plea to be a mitigating circumstance, based on the description of his criminal history as an aggravating circumstance, it is highly unlikely that the trial court would have imposed a lesser sentence. *See Ackerman v. State*, 51 N.E.3d 171, 194 (Ind. 2016) (finding that although the trial court abused its discretion during sentencing, there was no need to remand because "the explanation of the aggravating factors and [the defendant's]

character allows us to say with confidence that the trial court would have imposed the same sentence"), *cert. denied*, 137 S. Ct. 475 (2016). The sentencing range for a Level 6 felony is between six months and two and one-half years. Ind. Code § 35-50-2-7. Here, the trial court did not abuse its discretion when it sentenced Britain to 547 days executed in the DOC.

[10] Affirmed.

Riley, J., and Robb, J., concur.